# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

**v.**              **Case No. 12-20120-01-JWL**
                   **16-2319-JWL**

**Shane McMahan,**

    **Defendant.**

## MEMORANDUM & ORDER

In April 2013, defendant Shane McMahan entered a plea of guilty, pursuant to a Rule 11(c)(1)(C) agreement with the government, to a violation of 18 U.S.C. § 922(g)(1). The Presentence Investigation Report (PSR) determined that Mr. McMahan was eligible for sentencing under the Armed Career Criminal Act (ACCA), which authorizes an enhanced penalty for a person who violates § 922(g) and has three or more previous convictions for crimes that meet the definition of a "violent felony." *See* 18 U.S.C. § 924(e). In light of the ACCA enhancement, the PSR calculated an applicable guideline range of 188 to 235 months imprisonment and required a mandatory minimum sentence of 15 years. In the absence of the ACCA enhancement, Mr. McMahan would have faced a maximum sentence of 10 years imprisonment. In July 2013, the court sentenced Mr. McMahan to a term of 180 months imprisonment consistent with the parties' Rule 11(c)(1)(C) agreement.

This matter is now before the court on Mr. McMahan's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. In support of his motion, Mr. McMahan contends that, in light of *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), three

of his underlying felony convictions (a total of five predicate felony convictions were identified in the PSR) no longer qualify as violent felonies for purposes of the ACCA such that the enhancement no longer applies. Mr. McMahan asks the court to vacate his sentence and to set this matter for resentencing without application of the ACCA. In response, the government does not dispute that two of the convictions identified by Mr. McMahan no longer qualify as predicate felonies for purposes of the ACCA. But the government contends that the petition must be denied in any event because one conviction identified by Mr. McMahan—his conviction for aggravated battery under Kansas law—still qualifies under the ACCA's elements clause such that the ACCA enhancement, in light of the two additional convictions not challenged by Mr. McMahan, still applies. As will be explained, Mr. McMahan's petition is denied.

The parties agree that if Mr. McMahan's 2003 conviction for aggravated battery under K.S.A. § 21-3414(a) qualifies as a predicate felony for purposes of the ACCA, it does so only under the "elements" clause of the ACCA. Under that clause, a felony is considered a "violent felony" if the crime "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The parties further agree that K.S.A. § 21-3414(a), now repealed, is a divisible statute that lists multiple alternative elements defining multiple crimes such that the court may consult state court documents to determine the specific crime of conviction. *See Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). The record reflects, and the parties agree, that Mr. McMahan pled guilty to a violation of K.S.A. § 21-3414(a)(1)(C), which prohibits "intentionally causing physical contact with another person when done in a rude, insulting or angry manner with a deadly weapon, or in any manner

2

whereby great bodily harm, disfigurement or death can be inflicted." Mr. McMahan's petition, then, turns solely on whether K.S.A. § 21-3414(a)(1)(C) has as an element "the use, attempted use, or threatened use of physical force" against another person.

In *United States v. Treto-Martinez*, 421 F.3d 1156 (10th Cir. 2005), the Tenth Circuit held that any conviction under K.S.A. § 21-3414(a)(1)(C) satisfies the Guidelines definition of a conviction for a "crime of violence" for purposes of applying the career offender guideline because the statute contains as an element the threatened use of physical force. *Id.* at 1159-60.[1] The defendant in *Treto–Martinez* argued that his conviction did not qualify as a crime of violence because the charging documents did not specify the subsection under which the defendant pleaded guilty, and one of the ways of committing the underlying crime of aggravated battery—"intentionally causing physical contact with another person when done in a rude, insulting or angry manner with a deadly weapon"—did not qualify as a crime of violence. *Id.* at 1158 (quoting K.S.A. § 21–3414(a)(1)(C)). The Circuit rejected that argument and, in doing so, concluded that physical contact under the statute "will always constitute either actual or threatened use of force." *Id.* at 1160. With respect to the first "disjunct" of the statute, the Circuit explained:

> [A]ll intentional physical contact with a deadly weapon done in a rude, insulting, or angry manner does constitute physical force under § 2L1.2(b)(1)(A). Thus, a person who intentionally touches another with a deadly weapon in a "rude, insulting or angry manner," uses physical force by means of an instrument

---

[1] Despite the fact that *Treto-Martinez* analyzed whether the statute constituted a crime of violence in the Guidelines context, the case is persuasive because the "physical force" language used in the pertinent Guideline is identical to the elements clause of the ACCA. *See United States v. Williams*, 559 F.3d 1143, 1147 n.7 (10th Cir.2009) (noting that in interpreting the ACCA and the guidelines, the Circuit looks to cases construing similar language in other provisions).

calculated or likely to produce bodily injury which goes well beyond other, less violent, forms of touching such as grabbing a police officer's arm.

*Id*. at 1159.   The Circuit further concluded that intentional physical contact with a deadly weapon, at the very least, constituted the "threatened use" of physical force:

> Even if the physical contact does not produce bodily injury, the manner in which the physical contact with a deadly weapon must occur to violate the Kansas statute clearly has as an element the "threatened use of physical force."  Causing physical contact with a deadly weapon in "a rude, insulting or angry manner," if not sufficient in itself to constitute actual use of physical force under § 2L1.2(b)(1)(A), could always lead to more substantial and violent contact, and thus it would always include as an element the "threatened use of physical force."

*Id*. at 1160.  With respect to the second "disjunct" of the statute—physical contact whereby great bodily harm, disfigurement or death can be inflicted—the Circuit similarly held that the provision, regardless of the instrumentality of the contact, contained as an element the threatened use of physical force.  *Id*.  ("[I]f the statute is violated by contact that can inflict great bodily harm, disfigurement or death, it seems clear that, at the very least, the statute contains as an element the 'threatened use of physical force.'").

Mr. McMahan concedes, as he must, that *Treto-Martinez* appears to resolve this case and to require the denial of Mr. McMahan's petition.  Nonetheless, Mr. McMahan urges the court to ignore *Treto-Martinez* on the grounds that the Circuit has impliedly repudiated *Treto-Martinez* as a deviation from prior and subsequent Tenth Circuit decisions.  According to Mr. McMahan, the panel in *Treto-Martinez* improperly focused not solely on the elements of the crime (and, more specifically, whether the statute requires the use or threatened use of force) but on the likely result of the crime in an ordinary case (and, more specifically, whether the victim of an aggravated battery under the statute would normally perceive a threat of the use of physical

force).   Mr. McMahan contends that the results-only approach utilized in *Treto-Martinez* conflicts with the elements-only approach appropriately utilized by the Tenth Circuit in *United States v. Zuniga-Soto*, 527 F.3d 1110 (10th Cir. 2008) and *United States v. Perez-Vargas*, 414 F.3d 1282 (10th Cir. 2006).   As will be explained, the court rejects Mr. McMahan's efforts to undermine *Treto-Martinez*, applies that holding to Mr. McMahan's petition, and necessarily denies the same.

In *United States v. Perez-Vargas*, the Tenth Circuit addressed whether a conviction under Colorado's third-degree assault statute was a crime of violence for purposes of an enhancement under the Guidelines.   414 F.3d at 1284-85.   The statute provided that third-degree assault occurs when a defendant "knowingly or recklessly causes bodily injury to another person or with criminal negligence he causes bodily injury to another person by means of a deadly weapon." *Id*. at 1285.   In concluding that the Colorado statute did "not necessarily include the use or threatened use of physical force" as required by the Guidelines, the Circuit highlighted that the language of the statute itself focused on the results of the defendant's conduct—bodily injury—rather than the means by which an injury occurs. *See id*.   According to the Circuit, the statutory language allowed for the possibility that a violation of the statute would not necessarily require the use or threatened use of physical force, such as "recklessly shooting a gun in the air to celebrate, intentionally placing a barrier in front of a car causing an accident, or intentionally exposing someone to hazardous chemicals." *Id*. at 1286.

In *Zuniga-Soto*, the Circuit examined a Texas assault statute and held that the statute did not constitute a crime of violence because the statute, like the statute at issue in *Perez-Vargas*, required only that the offender "cause bodily injury" without necessarily requiring the use,

attempted use or threatened use of physical force.  527 F.3d at 1125 n.3.  The Circuit also noted that the language of the Texas statute, like the Colorado statute in *Perez-Vargas*, focused on the consequences of the conduct rather than the type of conduct that caused the injury.  *See id.*  That improper focus necessarily deprived the statute of the requisite element of physical force.  *See id.*  Ultimately, the Circuit held that any statute that allows for a mens rea of recklessness simply cannot qualify as a crime of violence because the "use" of physical force naturally suggests a higher degree of intent than negligence or merely accidental conduct.  527 F.3d at 1123.

*Zuniga-Soto* and *Perez-Vargas*, then, are both distinguishable from *Treto-Martinez*.  The Kansas aggravated battery statute does not allow for a conviction based on reckless or criminally negligence conduct because it does not focus on "bodily injury."  Rather, the statute—unlike the statutes at issue in *Zuniga-Soto* and *Perez-Vargas*—requires that the defendant engage in "intentional . . . physical contact."  K.S.A. § 21-3414(a)(1)(C).  Because the statute requires intentional conduct coupled with the potential for "great bodily harm," the Tenth Circuit appropriately concluded in *Treto-Martinez* that the statute necessarily requires, at a minimum, the threatened use of physical force.  421 F.3d 1156, 1160 (10th Cir. 2005).  In fact, the Circuit summarized this distinction in *United States v. Ramon-Silva*, 608 F.3d 663, 672 (10th Cir. 2010) (*Zuniga-Soto* held that a mens rea of recklessness does not satisfy physical force requirement under § 2L1.2's definition of "crime of violence," while *Treto-Martinez* held that intentional physical contact with a deadly weapon or in a manner capable of causing great bodily harm always includes the threatened use of violent force).

Of course, the Circuit's discussion of *Treto-Martinez* in *Ramon Silva* also demonstrates that the Circuit has clearly not repudiated *Treto-Martinez* in any respect.  *See id.* ("describing

6

*Treto-Martinez* as a "persuasive" decision in analyzing whether a conviction under New Mexico's aggravated assault statute constitutes a crime of violence). And the Circuit continues to rely on *Treto-Martinez* as binding precedent. *See United States v. Mitchell*, ___ Fed. Appx. ___, 2016 WL 3569764, at *5 (10th Cir. June 29, 2016) (relying in part on *Treto-Martinez* in concluding that defendant's use of a dangerous weapon to commit assault necessarily includes as an element the threatened use of physical force); *United States v. Rios-Zamora*, 599 Fed. Appx. 347 (10th Cir. Apr. 10, 2015) (concluding that district court properly held that defendant's previous Kansas conviction for aggravated battery constituted "crime of violence" under guidelines; "Our opinion in *United States v. Treto–Martinez*, 421 F.3d 1156, 1158–59 (10th Cir.2005), makes clear that any conviction under that statute satisfies the guidelines definition of a conviction for a crime of violence.").

For the foregoing reasons, the court is bound by the Circuit's decision in *Treto-Martinez*, which fully resolves Mr. McMahan's petition.[2] In light of *Treto-Martinez*, Mr. McMahan's conviction for aggravated battery under K.S.A. § 21–3414(a)(1)(C) constitutes a "violent felony" under the elements clause of the ACCA because it "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. §

---

[2] Mr. McMahan is correct that the Fifth Circuit, in *Larin-Ulloa v. Gonzales*, 462 F.3d 456 (5th Cir. 2006), held that the Kansas aggravated battery statute does not contain as an element the threatened use of violent force. But the court cannot follow the Fifth Circuit's opinion in the face of contrary Tenth Circuit authority that is directly on point. While Mr. McMahan also submits a recent decision by Judge Marten in which he held that a different subsection of the updated Kansas aggravated battery statute does not "explicitly" require the use of physical force, that decision is not persuasive to the court because it does not involve an application of *Treto-Martinez.*

924(e)(2)(B)(i).   The ACCA enhancement, then, still applies to Mr. McMahan such that his petition must be denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. McMahan's motion to vacate (doc. 58) is **denied**.

**IT IS SO ORDERED.**

Dated this 17th day of October, 2016, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge