# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

v.                                                        Case No. 12-20120-01-JWL
                                                                17-2176-JWL

**Shane McMahan,**

    **Defendant.**

## MEMORANDUM & ORDER

In April 2013, defendant Shane McMahan entered a plea of guilty, pursuant to a Rule 11(c)(1)(C) agreement with the government, to a violation of 18 U.S.C. § 922(g)(1). The Presentence Investigation Report (PSR) determined that Mr. McMahan was eligible for sentencing under the Armed Career Criminal Act (ACCA), which authorizes an enhanced penalty for a person who violates § 922(g) and has three or more previous convictions for crimes that meet the definition of a "violent felony." *See* 18 U.S.C. § 924(e). In light of the ACCA enhancement, the PSR calculated an applicable guideline range of 188 to 235 months imprisonment and required a mandatory minimum sentence of 15 years. In July 2013, the court sentenced Mr. McMahan to a term of 180 months imprisonment consistent with the parties' Rule 11(c)(1)(C) agreement.

In October 2016, this court denied Mr. McMahan's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. In denying the motion, the court held that the ACCA enhancement still applies to Mr. McMahan after *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015). Specifically, the court held that Mr. McMahan's conviction for aggravated

battery under K.S.A. § 21–3414(a)(1)(C) constitutes a "violent felony" under the elements clause of the ACCA because it "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). Mr. McMahan has appealed that ruling which is presently pending before the Tenth Circuit Court of Appeals.

Mr. McMahan has now filed another motion to vacate his sentence in which he argues that his Kansas conviction for burglary does not qualify as a predicate felony for purposes of the ACCA because the conviction was more than 15 years old. Because Mr. McMahan's motion clearly constitutes a second or successive motion under § 2255, he must obtain authorization from the Tenth Circuit prior to filing it. *See* 28 U.S.C. § 2255(h). He has not shown that he obtained such authorization and, thus, this court lacks jurisdiction to consider the motion. *United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013). Thus, the court must either dismiss the motion for lack of jurisdiction or transfer the motion to the Tenth Circuit for a determination whether to permit successive § 2255 proceedings. *See United States v. Harper*, 545 F.3d 1230, 1232 (10th Cir. 2008). The court should transfer such a motion to the Circuit only when it concludes that a transfer would be "in the interests of justice." *Id*.

The court declines to transfer Mr. McMahan's motion to the Circuit as it is not in the interest of justice to do so. It is unlikely that Mr. Mahan's claim has merit which counsels against transfer. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). Specifically, he has not shown that his claims satisfy the requirements of § 2255(h). He has not directed the court to any newly discovered evidence or a new rule of constitutional law that would bear on his conviction or sentence. Moreover, his assertion that his burglary conviction is "too old" to qualify as a predicate felony under the ACCA lacks merit. *See United States v. Hill*, 392 Fed. Appx. 634,

636 (10th Cir. Aug. 4, 2010) (the ACCA contains no temporal limitation on predicate felonies) citing *United States v. Lujan*, 9 F.3d 890, 893 (10th Cir. 1993) (burglary conviction that was more than 20 years old qualified as predicate felony under ACCA; declining to conclude that prior convictions should be eliminated from consideration under the ACCA because they are "ancient")).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. McMahan's motion to vacate (doc. 80) is **dismissed**.

**IT IS SO ORDERED.**

Dated this 6th day of June, 2017, at Kansas City, Kansas.

                                       s/ John W. Lungstrum
                                       John W. Lungstrum
                                       United States District Judge